**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WALTER D. ALMOND,
          Appellant,

      v.

DEPARTMENT OF LABOR,
          Agency.

DOCKET NUMBER
DC-315H-13-1233-I-1

DATE: February 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard R. Renner, Washington, D.C., for the appellant.

Rolando N. Valdez, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective July 12, 2013, the appellant was terminated from his Information Technology Specialist position during his probationary period for post appointment performance deficiencies.  Initial Appeal File (IAF), Tab 1 at 8-10.  The appellant filed a Board appeal alleging that his termination was based on his marital status (single) and also that the agency did not adhere to proper procedural requirements in effecting his termination.[2]  *Id*. at 6. Specifically, the appellant alleged that projects involving overseas travel were assigned exclusively to him due to his marital status.  IAF, Tab 2 at 3.

¶3      The administrative judge issued a jurisdictional order setting forth the legal standard to establish Board jurisdiction over a probationary termination, to which both the appellant and the agency responded.  IAF, Tab 3 at 3-5.  The appellant asserted that, based on his marital status, he was assigned to the Columbia

---

[2] In addition to his claim of marital status discrimination, the appellant also alleged that he was subjected to a hostile work environment based on his race, sex, and age.  IAF, Tab 1 at 6.

Ministry of Labor project (CMOL), he was the only one required to secure an official passport and be subjected to extended periods of travel, the agency required him to work on days when the government was closed, and the agency would not allow him to telework. IAF, Tab 6 at 3. With his response, the appellant also submitted a copy of a memorandum from the Director of Information Technology requesting government passports for several employees, including the appellant, for the CMOL project. *Id.* at 13.

¶4    The agency filed a motion to dismiss arguing that the appellant failed to nonfrivolously allege that his termination was based on his marital status. IAF, Tab 10 at 6-7. In opposition to the agency's motion, the appellant reasserted his prior arguments as well as alleged that his coworkers told him that he should work on the CMOL project because he was single without children and that, although the agency initially planned for the entire team to travel to Columbia, it later only sought a passport for him. IAF, Tab 11 at 5-6. In addition, the appellant stated that, although he was hired as an IT Project Manager, he was assigned job duties of an engineer and was assigned more work and more difficult work than married engineers. *Id.* at 5, 7.

¶5    In an initial decision, without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction finding that the appellant failed to raise nonfrivolous allegations that he was terminated due to his marital status. IAF, Tab 14, Initial Decision (ID). The administrative judge concluded that the memorandum seeking government passports submitted by the appellant failed to support his assertion that the agency singled him out for overseas travel because it listed several other employees who were also required to obtain government passports for the CMOL project. ID at 5. The administrative judge further concluded that, even assuming that the appellant's allegations were true, such allegations did not establish that his termination was based on his marital status. ID at 5-6. Lastly, the administrative judge found no merit to the appellant's claim that the agency failed to provide him with the

procedural protections of 5 C.F.R. § 315.805(b) because he was terminated for post-appointment, rather than pre-appointment reasons.[3] ID at 6. In view of his jurisdictional finding, the administrative judge also denied the appellant's motion to compel discovery. *Id.* at 1 n.1.

¶6       The appellant has filed a petition for review in which he generally reasserts his arguments below and argues that the administrative judge erred in finding that he failed to nonfrivolously allege that his termination was based on his marital status. Petition for Review (PFR) File, Tab 1 at 9-10. The appellant also asserts that the administrative judge erred in requiring him to provide documentary evidence to support his allegations and in denying his motion to compel discovery. *Id.* at 5, 15. The agency has filed a response in opposition. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7       In determining whether an appellant has established jurisdiction under 5 C.F.R. § 315.806(b), the Board follows a two-step process. *See Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶¶ 10-11 (2012). First, the appellant must make nonfrivolous claims of jurisdiction, i.e., factual allegations that, if proven, would establish that his termination was based on marital status. *See id.* An appellant who makes such nonfrivolous claims is entitled to a jurisdictional hearing at which he must then prove the basis for jurisdiction, i.e., that his termination was based on marital status, by a preponderance of the evidence. *See id.*

¶8       We agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that his termination was based on his marital status. The appellant's contentions, unsupported by factual details, that the agency required him to work on days when the office was closed, would not allow him to

---

[3] The appellant does not challenge this finding on review and we see no reason to disturb the administrative judge's finding.

telework, and assigned him more work or more difficult work than it did married employees are insufficient to meet his burden of establishing that he is entitled to a jurisdictional hearing. The appellant's primary contention is that he was treated differently based on his marital status when his coworkers told him to take the CMOL project, which required travel to Columbia, because he was single with no children at home.[4] As the administrative judge found, however, the appellant's own evidence fails to support such a claim. *See* ID at 5. The memorandum submitted by the appellant shows that other employees were also requested to obtain government passports for the CMOL project. IAF, Tab 6 at 13. We also find unavailing the appellant's argument that the administrative judge improperly required him to submit documentation to support his allegations. Rather, the administrative judge found that the appellant failed to establish that his termination was based on his marital status, noting that the appellant's own documentation did not support his claims. ID at 5.

¶9     Additionally, the appellant has not stated any basis for his belief that there was a connection between his marital status and his termination. The appellant's work on the CMOL project appears to be unrelated to the reasons for his termination and he does not allege that, had he not been assigned to the CMOL project, he would not have been terminated. Thus, we agree with the administrative judge that, even assuming the appellant's allegations regarding the CMOL project to be true, such allegations are not relevant to the reasons why he was terminated and do not establish that his termination was based on his marital status. ID at 5-6. Based on the record, the appellant was terminated due to performance deficiencies unrelated to the CMOL project, including his inability to understand and clearly communicate basic programmatic concepts and ideas,

---

[4] We note that the Board has previously held that childcare responsibilities per se are not dependent on an individual's marital status and do not go to the essence of marital status. *See Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 7, n.2 (2012).

and failure to adequately develop a video teleconference solution for a customer. IAF, Tab 7 at 11-14.

¶10      Further, the appellant has not made any allegations regarding statements or conduct by the Deputy Director of the Information Technology Division, who requested his termination, that reflect any animus, concern, or interest in his marital status as the Board has found in other cases. *See, e.g.*, *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 8 (2012); *Strausbaugh v. Government Printing Office*, 111 M.S.P.R. 305, ¶ 8 (2009) (the appellant alleged his supervisor made derogatory comments regarding his marital status and that he was terminated for bringing his fiancée to an official agency function in violation of rules which allegedly limited participation to immediate family members); *Edem v. Department of Commerce*, 64 M.S.P.R. 501, 503-05 (1994) (the appellant alleged that she believed her supervisor's disapproval of her separation and living arrangements played a substantial role in her termination); *see also Green-Brown*, 118 M.S.P.R. 327, ¶ 6 (the appellant alleged that her supervisor threatened her employment standing while referencing her marital and parental status).

¶11      In *Marynowski*, for instance, the appellant alleged that the supervisor who terminated her was motivated by jealousy of her marriage because she had repeatedly spoken about it. *Marynowski*, 118 M.S.P.R. 321, ¶ 8. The supervisor, for example, would mention the appellant's mode of dress and grooming habits and speculate aloud as to whether these things pleased her husband. *Id.* The Board concluded that the appellant's allegation, taken as true, indicated that the supervisor displayed a "keen interest in the state of the probationer's marital status." *Id.*, ¶ 9. In contrast, here, the appellant does not allege that the Deputy Director expressed any interest in his marital status or otherwise made comments about his marital status. Thus, the appellant has provided no basis upon which to disturb the administrative judge's finding that he failed to make a nonfrivolous allegation of marital status discrimination. Accordingly, the administrative judge

properly dismissed the appeal for lack of jurisdiction.[5]

¶12        Lastly, the appellant argues that the administrative judge erred in denying his motion to compel discovery.  PFR File, Tab 1 at 15.  The appellant claims, without explanation, that the evidence sought would have supported his claims by providing "proof of the disparity of treatment, deviations from normal practice and pretext."  *Id.* at 16.  The appellant has not adequately explained how the information requested would have allowed him to make nonfrivolous allegations that his termination was due to his marital status or how it would have changed the result in this appeal.  Therefore, he has failed to establish that the administrative judge erred in denying his motion to compel.  *See Russell v. Equal Employment Opportunity Commission,* 110 M.S.P.R. 557, ¶ 15 (2009).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management,* 931 F.2d 1544 (Fed. Cir. 1991).

---

[5] In the absence of Board jurisdiction over the appellant's termination, the Board has no independent jurisdiction to adjudicate the appellant's additional claims of discrimination based on age, race, and sex.  *See Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.